# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| OSCAR DANIEL GARCIA-REYNAGA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:08-CV-0197 PS |
| ) | |
| KENNETH FRIES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Plaintiff Oscar Garcia-Reynaga, a prisoner confined at Allen County Jail, submitted a complaint pursuant to 42 U.S.C. § 1983, alleging that a custody officer opened and read his legal mail, and then refused to deliver it to him. The plaintiff sues the defendants, Allen County Sheriff Kenneth Fries, Jail Commander Charles Hart, and Custody Officer S. Sanderson in their official and individual capacities, and he seeks damages and declaratory and injunctive relief.

Pursuant to 1915A(a), the court must review the merits of a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, does not state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

In the context of a motion to dismiss for failure to state a claim, the United States Supreme Court has stated that the "plaintiff's obligation to provide the grounds of his entitlement

to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Instead the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. Two weeks later the Supreme Court decided *Erickson v. Pardus*, 127 S.Ct. 2197 (2007). In *Erickson* the Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation. In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 2200. In an effort to reconcile *Twombly* and *Erickson* the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."*Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d 663, 667 (7th Cir. 2007)**.**

  Garcia-Reynaga brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

According to the complaint, on August 13, 2008, Officer Sanderson delivered correspondence from his attorney to Garcia-Reynaga. The plaintiff alleges that Officer Sanderson opened the envelope from the plaintiff's attorney and read the contents. Then he told the plaintiff that he "could not receive the legal material because it was discovery material and it was against Allen County Jail rules." (Complaint at p. 4). The plaintiff states that he was unaware of any such rule and that he informed Officer Sanderson "that the correspondence came directly from an attorney and it was privileged mail. Defendant Sanderson stated he was following the rules." (*Id.*).

Prison and jail officials may not read an inmate's privileged legal mail, although they may open it and inspect it for nontextual contraband in the inmate's presence. *Wolff v. McDonnell*, 418 U.S. 539, 577 (1974)(upholding prison procedure of inspecting but not reading legal mail in part because no threat of chilled communications); *Gaines* v. *Lane*, 790 F.2d 1299, 1305-06 (7th Cir. 1986) (upholding policy allowing prison officials to open and inspect but not to read privileged mail in inmate's presence). Giving the plaintiff the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he has failed to give the defendant fair notice of his claim or raised a right to relief above the speculative level, which is all that is required of him under the Rule 8(a)(2) notice pleading standard. *See E.E.O.C. v Concentra Health Servs.,* inc., 496 F.3d 773, 776 (7th Cir. 2007). The plaintiff has properly raised a claim that Officer Sanderson read his legal mail on August 13, 2008, and then withheld it from him.

The plaintiff also names Sheriff Fries and Jail Commander Hart as defendants, asserting that if there is a policy at the jail to read and confiscate incoming legal mail they would have

been the officials who promulgated such a policy. Giving the plaintiff the benefit of the inferences to which he is entitled at the pleadings stage, he has given the defendants notice and plausibly suggested a right to relieve above a speculative level.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against the defendants in their official and individual capacities on the claim presented in his complaint;

2) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that the defendants respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(3) **DIRECTS** the marshals service to effect service of process on Kenneth Fries, Charles Hart, and S. Sanderson on the plaintiff's behalf, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

SO ORDERED.

ENTERED: October 20, 2008

/s Philip P. Simon
Philip P. Simon, Judge
United States District Court